

**Lisanne M. Butterfield**
OSB No. 91368
lbutterfield@csb-llc.com
**John T. Carr**
OSB No. 92251
jcarr@ csb-llc.com
**CARR SCHWARTZ BUTTERFIELD, LLC**
155 B. Avenue, Suite 240
Portland, OR 97034
Telephone: 503-635-5244
Facsimile: 503-635-2955
Attorneys for Defendants Ozwest, Inc.,
Peter Cummings, and Zing Toys, Inc.

FILED'08 MAR 10 14:59USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

|  |  |
|---|---|
| **TOY INVESTMENTS, INC.**, a Washington corporation, | **CV'08 – 292 MO** |
| Plaintiff | Case No. _____ |
| vs. | **DEFENDANTS' NOTICE OF REMOVAL** |
| **OZWEST, INC.**, an Oregon corporation, and **PETER CUMMINGS**, and **JANE DOE CUMMINGS**, husband and wife and the marital community comprised thereof, and **ZING TOYS, INC.**, an Oregon corporation, | |
| Defendant. | |

Page 1 – DEFENDANTS' NOTICE OF REMOVAL

K:\Ozwest_Toysmith 5619\Pleadings\Defendant's Notice of Removal.DOC

20187

**CARR SCHWARTZ BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Facsimile: (503) 635-2955

Please take notice that defendants OZWEST, INC., PETER CUMMINGS, and ZING TOYS, INC. (collectively referred to hereinafter as "Defendants") hereby remove this action from the Superior Court of the State of Washington for the County of King to the United States District Court for the District of Oregon.

1.      Defendants are parties in a civil action brought against them in the Superior Court of the State of Washington for the County of King styled as: *Toy Investments, Inc., a Washington corporation, Plaintiff, v. Ozwest, Inc., an Oregon corporation, and Peter Cummings, and Jane Doe[1] Cummings, husband and wife and the marital community comprised thereof, and ZING TOYS, INC., an Oregon corporation, Defendants*, King County Superior Court Case No. 08-205630-9 KNT (referred to hereinafter as the "state court action"). A copy of the complaint, summonses, and order setting civil case schedule in that action are attached to this notice and constitute all process, pleadings, and orders served on defendants in that action up to the present date.

2.      Plaintiff commenced the state court action upon the filing of the Complaint with the Superior Court Clerk for King County, Washington, on or about February 7, 2008. A copy of the summons and complaint was served on defendants as follows: on defendant PETER CUMMINGS on February 13, 2008, in Washington County, Oregon; on defendant ZING TOYS, INC., in care of its registered agent, John T. Carr, on February 13, 2008, in Lake Oswego, Oregon; and on defendant OZWEST, INC., care of

---

[1] For purposes of determining diversity of citizenship, the citizenship of "*Doe*" defendants is disregarded. 28 USC § 1441(a) ("the citizenship of defendants sued under fictitious names shall be disregarded").

**CARR SCHWARTZ BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR  97034
Telephone: (503) 635-5244
Facsimile: (503) 635-2955

PETER CUMMINGS on February 13, 2008, in Washington County, Oregon.
Defendants have filed no pleadings in this cause. This notice of removal is filed within
30 days after service of process.

      3.     The state court action is a controversy between citizens of different states.
When the summons and complaint were served, plaintiff TOY INVESTMENTS, INC. was,
and now is, a Washington corporation. Defendant OZWEST, INC. is, and at all material
times has been, an Oregon corporation and its principal place of business is in the state of
Oregon. Defendant PETER CUMMINGS is, and at all material times has been, a citizen
of Australia and a resident of the state of Oregon. Defendant ZING TOYS, INC. is, and
at all material times has been, an Oregon corporation, and its principal place of business
is in the state of Oregon.

      4.     Defendants give notice of the removal of this action from King County
Superior Court to this court under 28 USC § § 1441 and 1446. This is an action of civil
nature, over which this court has original jurisdiction pursuant to 28 USC §1332(a) & (c),
in that it is a suit for breach of contract and non-payment of royalty fees due. This cause
of action includes an amount in controversy that exceeds the sum of $75,000[2], exclusive
of interest and costs, and is between citizens of different states. Therefore, defendants
may remove this case pursuant to 28 USC §1441(a).

---

[2] If the complaint is silent on the amount in controversy, and the required amount exists, the case may be removed.
*See Harding v. U.S. Figure Skating Ass'n*, 851 F Supp 1476, 1480 (D Or 1994) (removal proper where complaint
did not specify the amount of damages, notice of removal asserted value of the rights/claims in question were over
jurisdictional amount, and that allegation was supported by awards in other similar cases).

Page 3 – DEFENDANTS' NOTICE OF REMOVAL

**CARR SCHWARTZ BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Facsimile: (503) 635-2955

5.    This notice is signed pursuant to FRCP 11.


DATED this 10th day of March, 2008.

Respectfully submitted,

CARR SCHWARTZ BUTTERFIELD, LLC

Lisanne M. Butterfield, OSB No. 91368
John T. Carr, OSB No. 92251
Telephone: (503) 635-5244
Facsimile: 503-635-2955
Of Attorneys for Plaintiff
lbutterfield@carr-schwartz.com
jcarr@carr-schwartz.com


Page 4 – DEFENDANTS' NOTICE OF REMOVAL

K:\Oc\Wsp_Toyoroth 5619\Pleadings\Defendant's Notice of Removal.DOC

CARR SCHWARTZ BUTTERFIELD, LLC
155 B Avenue, Suite 240
Lake Oswego, OR  97034
Telephone:  (503) 635-5244
Facsimile:  (503) 635-2955

## CERTIFICATE OF SERVICE

I hereby certify that I served the **DEFENDANTS' NOTICE OF REMOVAL** on the following party:

Stephen P. VanDerhoef, WSBA 20088
Michael Brunet, WSBA 35764
Cairncross & Hempelmann, P.S.
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
E-mail: svanderhoef@cairncross.com

by the following indicated methods:

[X]  by **mailing** a full, true and correct copy thereof in a sealed, first-class postage-paid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the U.S. Postal Service at Portland, Oregon, on the date set forth below;

[ ]  by causing a full, true, and correct copy thereof to be **hand-delivered** to the attorney on the date set forth below.

[ ]  by sending a full, true, and correct copy thereby via **overnight courier** in a sealed, postage-paid envelope, addressed to the attorney as shown above, at the attorney's last-known office address, on the date set forth below.

[X]  by **faxing** a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax numbers for the attorney's offices, on the date set forth below.

[ ]  by email.

DATED this 10th day of March, 2008.

CARR SCHWARTZ BUTTERFIELD, LLC

Lisanne M. Butterfield, OSB No. 91368
John T. Carr, OSB No. 92251
Telephone: (503) 635-5244
Facsimile: 503-635-2955
Of Attorneys for Plaintiff
lbutterfield@carr-schwartz.com
jcarr@carr-schwartz.com

E:\ExWest_Toysmith 5619\Pleadings\Defendant's Notice of Removal.DOC

**CARR SCHWARTZ BUTTERFIELD, LLC**
155 B Avenue, Suite 240
Lake Oswego, OR 97034
Telephone: (503) 635-5244
Facsimile: (503) 635-2955

1

2

3

4

5

6

RECEIVED
King County Superior Court Clerk's Office

FEB - 7 2008

Cashier Section
Superior Court Clerk

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

7

8    TOY INVESTMENTS, INC, a Washington
      corporation,                                      NO. **0 8 - 2 - 0 5 6 3 0 - 9** KNT

9                          Plaintiff,                   SUMMONS - 60 DAY

10        v.

11    OZWEST, INC., an Oregon corporation and
      PETER CUMMINGS, and JANE DOE
12    CUMMINGS, husband and wife and the marital
      community comprised thereof, ZING TOYS,
13    INC., an Oregon corporation,

14

15                          Defendant.

16

17    TO DEFENDANT OZWEST, INC.:

18

19         A lawsuit has been started against you in the above-entitled court by plaintiffs.  Plaintiffs'

20    claim is stated in the written Complaint, a copy of which is served upon you with this summons.

21         In order to defend against this lawsuit, you must respond to the complaint by stating your

22    defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 60

23    days after the service of this Summons, excluding the day of service, or a default judgment may

24    be entered against you without notice.  A default judgment is one where plaintiffs are entitled to

25

26

SUMMONS - 60 DAY - 1



Cairncross & Hempelmann, P.S.
Law Offices
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

{00645612.DOC;1}

what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the plaintiffs. Within fourteen (14) days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this Summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this ___7th___ day of February, 2008.

CAIRNCROSS & HEMPELMANN, P.S.

_____
Stephen P. VanDerhoef, WSBA No. 20088
Michael Brunet, WSBA No. 35764
Attorneys for Plaintiff Toy Investments, Inc.

SUMMONS - 60 DAY - 2

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{00645612.DOC;1}

1
2
3
4
5
6

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

7

TOY INVESTMENTS, INC, a Washington
corporation,

8

                          Plaintiff,

9

       v.

10

OZWEST, INC., an Oregon corporation and
PETER CUMMINGS, and JANE DOE
CUMMINGS, husband and wife and the marital
community comprised thereof, ZING TOYS,
INC., an Oregon corporation,

11
12
13
14
15

                     Defendant.

NO. **0 8 - 2 - 0 5 6 3 0 - 9** KNT

SUMMONS - 60 DAY

16
17

TO DEFENDANTS PETER AND JANE DOE CUMMINGS, husband and wife and the martial

18

community comprised thereof:

19
20

      A lawsuit has been started against you in the above-entitled court by plaintiffs. Plaintiffs'

21

claim is stated in the written Complaint, a copy of which is served upon you with this summons.

22

      In order to defend against this lawsuit, you must respond to the complaint by stating your

23

defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 60

24

days after the service of this Summons, excluding the day of service, or a default judgment may

25

be entered against you without notice. A default judgment is one where plaintiffs are entitled to

26

SUMMONS - 60 DAY - 1



*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{00645617.DOC;1}

1  what they ask for because you have not responded.  If you serve a notice of appearance on the

2  undersigned attorney, you are entitled to notice before a default judgment may be entered.

3       You may demand that the plaintiffs file this lawsuit with the court.  If you do so, the

4  demand must be in writing and must be served upon the plaintiffs.  Within fourteen (14) days

5  after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on

6  you of this Summons and complaint will be void.

7

8       If you wish to seek the advice of an attorney in this matter, you should do so promptly so

9  that your written response, if any, may be served on time.

10       This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

11  of Washington.

12       DATED this 7th day of February, 2008.

13                  CAIRNCROSS & HEMPELMANN, P.S.

14

15

16                  Stephen P. VanDerhoef, WSBA No. 20088

17                  Michael Brunet, WSBA No. 35764
                Attorneys for Plaintiff Toy Investments, Inc.

18

19

20

21

22

23

24

25

26

SUMMONS - 60 DAY - 2

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{00645617.DOC;1}

RECEIVED

FEB - 7 2008

Cashier Section
Superior Court Clerk

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

TOY INVESTMENTS, INC, a Washington
corporation,

          Plaintiff,

    v.

OZWEST, INC., an Oregon corporation and
PETER CUMMINGS, and JANE DOE
CUMMINGS, husband and wife and the marital
community comprised thereof, ZING TOYS,
INC., an Oregon corporation,

          Defendant.

08-2-05630-9 KNT

SUMMONS - 60 DAY

TO DEFENDANT ZING TOYS, INC.:

    A lawsuit has been started against you in the above-entitled court by plaintiffs. Plaintiffs'
claim is stated in the written Complaint, a copy of which is served upon you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your
defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 60
days after the service of this Summons, excluding the day of service, or a default judgment may
be entered against you without notice. A default judgment is one where plaintiffs are entitled to
what they ask for because you have not responded. If you serve a notice of appearance on the
undersigned attorney, you are entitled to notice before a default judgment may be entered.

SUMMONS - 60 DAY - 1



*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{00645618.DOC;1}

1  what they ask for because you have not responded. If you serve a notice of appearance on the

2  undersigned attorney, you are entitled to notice before a default judgment may be entered.

3        You may demand that the plaintiffs file this lawsuit with the court. If you do so, the

4  demand must be in writing and must be served upon the plaintiffs. Within fourteen (14) days

5  after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on

6  you of this Summons and complaint will be void.

7

8        If you wish to seek the advice of an attorney in this matter, you should do so promptly so

9  that your written response, if any, may be served on time.

10        This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

11  of Washington.

12        DATED this ⁊ᵗʰ day of February, 2008.

13                                    CAIRNCROSS & HEMPELMANN, P.S.

14

15

16                                    Stephen P. VanDenhoef, WSBA No. 20088
17                                    Michael Brunet, WSBA No. 35764
                                      Attorneys for Plaintiff Toy Investments, Inc.

18

19

20

21

22

23

24

25

26

SUMMONS - 60 DAY - 2                        *Cairncross & Hempelmann, P.S.*
                                            *Law Offices*
                                            *524 Second Avenue, Suite 500*
                                            *Seattle, Washington 98104-2323*
                                            *Phone: 206-587-0700 • Fax: 206-587-2308*

{00645618.DOC;1}



RECEIVED
In King County Superior Court Clerk's Office

FEB = 7 2008

Barbara Miller
Superior Court Clerk

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

TOY INVESTMENTS, INC, a Washington
corporation,

                  Plaintiff,

    v.

OZWEST, INC., an Oregon corporation and
PETER CUMMINGS, and JANE DOE
CUMMINGS, husband and wife and the marital
community comprised thereof, ZING TOYS,
INC., an Oregon corporation,

                 Defendant.

No. 08-2-05630-9 KNT

COMPLAINT FOR BREACH OF
CONTRACT

## I.    PARTIES

1.1    Plaintiff Toy Investments, Inc. (dba and hereinafter "Toysmith") is a Washington corporation duly authorized to transact business in Washington State. Toysmith is a reseller and distributor of over 1,400 types of largely unbranded and inexpensive "impulse purchase" toys, gifts and games.

1.2    Defendant Ozwest, Inc. ("Ozwest") is an Oregon corporation which does business in Washington State. Ozwest is a designer, licensor and seller of foam toys.

1.3    Defendant Peter Cummings ("Cummings") is a citizen of Australia and a resident of Oregon who transacts business in Washington. Peter Cummings and Jane Doe Cummings

COMPLAINT FOR BREACH OF CONTRACT - 1

*Cairncross & Hempelmann, P.S.*
Law Offices
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308



{00645586.DOC;1}

constitute a marital community and all acts of Peter Cummings were done for and on behalf of Peter Cummings individually and their marital community.

1.4    Defendant Zing Toys, Inc. ("Zing") is an Oregon corporation which does business in Washington State. Zing Toys is believed to be a designer and seller of foam toys.

## II.    JURISDICTION AND VENUE

2.1    This Court has subject matter jurisdiction under RCW 4.28.185. Venue is proper in King County under RCW 4.12.025, as all defendants transact business in King County.

## III.    FACTUAL BACKGROUND

3.1    In 2003, Toysmith and Cummings began discussing the prospects of adding Cummings' line of foam toys, developed through his company Ozwest, to Toysmith's product line. Toysmith provided Cummings and Ozwest with financial support and paid Cummings as a consultant. Cummings assured Toysmith that he had toy design and production expertise and valuable relationships with Chinese toy factories that could effectively, efficiently and dependably manufacture foam toys. Cummings also confirmed that he owned the rights to a substantial line of foam toys that he would license to Toysmith and that he would commit to continuing to develop, discover and source new foam toys exclusively for Toysmith.

3.2    Based upon Cummings' and Ozwest's representations, on September 5, 2003, after months of negotiation, Toysmith and Ozwest entered into a Product License Agreement (the "Agreement"). In exchange for Toysmith's $300,000 initial investment, Ozwest agreed to grant Toysmith an exclusive, world-wide (with the exception of Australia, New Zealand and South Africa) license to distribute Ozwest's line of foam toy products and the trademarks, copyrights and other intellectual property associated with those toys (the "Products"). The Agreement was automatically renewable and its initial term ended on January 21, 2008.

3.3    Pursuant to the Agreement, Toysmith agreed to take full responsibility for the cost of development, manufacturing, packaging, distributing, selling and advertising the Products. Toysmith also agreed to pay Ozwest royalties according to a specific formula in the Agreement.

COMPLAINT FOR BREACH OF CONTRACT - 2

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{00645586.DOC;1}

3.4    Ozwest also granted Toysmith a "right of first refusal for all products [Ozwest] creates or invents or discovers" during the term of the Agreement.  Toysmith had 60 days after it was presented with Ozwest's creations, inventions or discoveries to exercise its right of first refusal.

3.5 .   As part of the Agreement, Toysmith agreed to purchase Ozwest's then-existing Product inventory.  Toysmith also agreed to purchase the plastic and foam injection equipment, molds and tooling necessary to produce the Products.

3.6    The parties revised the Agreement by entering into an Amended Product License Agreement (the "Amended Agreement") in May 2004.  The fundamental terms of the parties' relationship remained same.  The Amended Agreement specifically gave Ozwest the right to purchase from Toysmith all copyrights and trademarks developed during the term of the Amended Agreement for one half of Toysmith's costs of obtaining these assets.  In addition, the Amended Agreement confirmed that Toysmith had already acquired all existing tooling and molds necessary to produce all Products.  Ozwest had the right to repurchase the existing tooling and molds upon expiration of the Amended Agreement and upon specified written notice.  The parties also made clear and agreed that all tooling and molds acquired **after** the date of the Amended Agreement were the property of Toysmith, but subject to Ozwest's right to purchase them for one-half of Toysmith's cost of acquiring these assets and upon specified written notice. The parties made clear that Toysmith had purchased the existing tooling and molds by listing those molds on an exhibit to the Amended Agreement.  The parties ascribed a value of $25,000 out of Toysmith's total consideration of $300,000 to the existing tooling and molds.

3.7    The parties performed under the Amended Agreement, with Toysmith investing substantial funds and effort into developing, manufacturing, packaging, advertising, distributing, and selling the Products.  Toysmith paid Ozwest significant royalties.

3.8    In early 2007, Ozwest and Cummings directed CMS/Prosperous, the Chinese factory where the Products were manufactured with Toysmith's molds, to deny Toysmith access

COMPLAINT FOR BREACH OF CONTRACT - 3

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{00645586.DOC;1}

1    to the molds.  Ozwest and Cummings stated to the factory that, contrary to the parties' Amended

2    Agreement, Ozwest owned the molds.  Toysmith repeatedly demanded that Ozwest and

3    Cummings confirm Toysmith's ownership of the molds and release them to Toysmith.  Ozwest

4    never responded.  Toysmith was unable to direct the production of toys with those molds and

5    suffered significant financial harm as a result.  Toysmith declared Ozwest in breach, through

6    written notice as specified in the Amended Agreement, and refused to pay Ozwest royalties until

7    Toysmith's ownership of the molds was confirmed.

8         3.9     Later in 2007, Ozwest and Cummings engaged in even more egregious conduct.

9    They directed CMS/Prosperous to refrain from shipping Products Toysmith legitimately had on

10   order.  CMS/Prosperous claimed various export restrictions and requirements prevented

11   shipment to Toysmith.  Ozwest's and Cummings' directions to CMS/Prosperous effectively shut

12   down Toysmith's distribution of the Products.

13        3.10    Toysmith has subsequently learned through the review of publicly available

14   documents that throughout 2007, CMS/Prosperous shipped Products to which Toysmith had

15   exclusive rights under the Amended Agreement to defendant Zing Toys, Inc., an Oregon

16   company believed to be controlled by Cummings and incorporated with the assistance of his

17   lawyers.  The Products shipped to Zing included Products that CMS/Prosperous refused to ship

18   to Toysmith.

19        3.11    Cummings' and Ozwest's lawyers have also admitted that Ozwest and a Toysmith

20   competitor, Play Visions, Inc. "share a business relationship and a common interest in

21   development and branding of foam toy products."  This admission not only proves Ozwest and

22   Cummings have illegally interfered with Toysmith's contracts with CMS/Prosperous but that

23   Ozwest, through Cummings, has breached its obligation to give Toysmith the right of first

24   refusal on all new Products.  Toysmith has confirmed that CMS/Prosperous has shipped Products

25   to Playvisions that Cummings sourced and developed during the term of the parties' Agreement.

26

COMPLAINT FOR BREACH OF CONTRACT - 4

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{00645586.DOC;1}

## IV.    FIRST CAUSE OF ACTION -- BREACH OF CONTRACT

## BY OZWEST

4.1    Toysmith realleges and incorporates by reference each of the allegations contained in this Complaint.

4.2    Ozwest has failed to confirm Toysmith's ownership of the molds and tooling equipment.  This failure prevented Toysmith from making full use of the molds and tooling equipment during the term of the Amended Agreement and constitutes a breach of the Amended Agreement.

4.3    Ozwest was obligated to present all foam related toy Products it created, invented or discovered during the term of the Amended Agreement to Toysmith so that Toysmith could distribute these Products.

4.4    Ozwest failed to honor this "right of first refusal" and in fact, through Cummings, developed Products for its own and others' benefit.  This failure constitutes a breach of the Amended Agreement.

4.5    Ozwest has failed to honor Toysmith's right to sell Products already in its inventory at the time of any termination of the Agreement.  This failure constitutes a breach of the Amended Agreement.

4.6    As a result of Ozwest's breaches, Toysmith has been damaged in an amount to be determined at trial.

## V.    SECOND CAUSE OF ACTION -- BREACH OF THE IMPLIED COVENANT OF

## GOOD FAITH AND FAIR DEALING BY OZWEST

5.1    Toysmith realleges and incorporates by reference each of the allegations contained in this Complaint.

5.2    The Agreement and Amended Agreement specifically contemplated that Toysmith and Ozwest would cooperate together to ensure the mutually beneficial development of Products and at the conclusion of the Amended Agreement term, the parties would ensure

COMPLAINT FOR BREACH OF CONTRACT - 5

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{00645586.DOC;1}

1  Toysmith's right to sell its existing inventory of Products governed by the Amended Agreement.

2  The law imposes a duty of good faith and fair dealing upon Ozwest in the performance of its

3  obligations under the Amended Agreement.

4       5.3    Ozwest's refusal to cooperate with Toysmith and its conscious and intentional

5  efforts to prevent Toysmith from receiving the benefits it negotiated for under the Amended

6  Agreement are breaches of the covenant of good faith and fair dealing implied by law into the

7  Amended Agreement.

8       5.4    As a result of Ozwest's breaches, Toysmith has been damaged in an amount to be

9  determined at trial.

10          **VI.    THIRD CAUSE OF ACTION –**

11     **INTENTIONAL MISREPRESENTATION/FRAUD/DECEIT**

12            **BY OZWEST AND CUMMINGS**

13       6.1    Toysmith realleges and incorporates by reference each of the allegations

14  contained in this Complaint.

15       6.2   Ozwest's and Cummings' representations, including but not limited to those

16  concerning Ozwest's and Peter Cummings' intent to cooperate with Toysmith and dedicate

17  themselves to a mutually beneficial relationship as outlined in the Agreement and Amended

18  Agreement, were false and were material.

19       6.3    Ozwest and Cummings knew their representations were false.

20       6.4    Ozwest and Cummings intended Toysmith to act and rely upon their false

21  representations.

22       6.5    Toysmith did not know that Ozwest's and Cummings' representations were false,

23  and Toysmith justifiably relied upon those representations.

24       6.6    As a proximate result of Ozwest's and Cummings' representations and

25  Toysmith's reliance thereon, Toysmith has been damaged in an amount to be determined at trial.

26

COMPLAINT FOR BREACH OF CONTRACT - 6

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{00645586.DOC;1}

## VII.    FOURTH CAUSE OF ACTION -- NEGLIGENT MISREPRESENTATION
## BY OZWEST AND CUMMINGS

7.1    Toysmith realleges and incorporates by reference each of the allegations contained in this Complaint.

7.2    Ozwest's and Cummings' representations, including but not limited to those concerning Ozwest's and Cummings' intent to cooperate with Toysmith and dedicate themselves to a mutually beneficial relationship as outlined in the Agreement, were false and were material.

7.3    Ozwest's and Cummings' representations were negligently made under circumstances which entitled Toysmith to rely on them.

7.4    Toysmith justifiably relied upon Ozwest's and Cummings' representations.

7.5    As a proximate result of Ozwest's and Cummings' representations and Toysmith's reliance thereon, Toysmith has been damaged in an amount to be determined at trial.

## VIII.    FIFTH CAUSE OF ACTION -- TORTIOUS INTERFERENCE
## BY OZWEST AND CUMMINGS

8.1    Toysmith realleges and incorporates by reference each of the allegations contained in this Complaint.

8.2    Toysmith has existing contracts and commercial relationships with toy factories in China. Both Ozwest and Cummings are aware of Toysmith's contracts and commercial relationships with Chinese factories including CMS/Prosperous.

8.3    Ozwest and Cummings caused or induced the Chinese factories to breach the terms of their contracts with Toysmith and effectively terminate their commercial relationships with Toysmith.  Toysmith was damaged and will continue to be damaged by the Ozwest's and Cummings' conduct in an amount to be determined at trial.

COMPLAINT FOR BREACH OF CONTRACT - 7

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{00645586.DOC;1}

## IX.   SIXTH CAUSE OF ACTION – TORTIOUS INTERFERENCE

## BY ZING

9.1   Toysmith realleges and incorporates by reference each of the allegations contained in this Complaint.

9.2   Toysmith had an existing contract with Ozwest.  Zing was aware of Toysmith's contract with Ozwest.

9.3   Zing caused or induced Ozwest to breach the terms of its contract with Toysmith. Toysmith was damaged and will continue to be damaged by the Zing's conduct in an amount to be determined at trial.

## X.   SEVENTH CAUSE OF ACTION -- CONVERSION

## BY OZWEST AND CUMMINGS

10.1   Toysmith realleges and incorporates by reference each of the allegations contained in this Complaint.

10.2   Toysmith owns and had an exclusive right to use the molds and tooling described in the Amended Agreement during the term of the Amended Agreement.

10.3   Ozwest and Cummings, without authorization from Toysmith, intentionally exercised dominion or control over the molds and tooling which deprived Toysmith of possession and control of the molds and tooling.

10.4   Toysmith has been damaged by Ozwest's and Cummings' conversion of its property in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.   For all damages resulting from the Ozwest's breaches of contract;

2.   For all damages resulting from Ozwest's breaches of the implied covenant of good faith and fair dealing;

COMPLAINT FOR BREACH OF CONTRACT - 8

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{00645586.DOC;1}

3. For all damages resulting from Ozwest's and Cummings' intentional misrepresentations and fraud;

4. For all damages resulting from Ozwest's and Cummings' negligent misrepresentations;

5. For all damages resulting from Ozwest's and Cummings' tortious interference with contracts and commercial relationships;

6. For all damages resulting from Zing's tortious interference with contracts and commercial relationships;

7. For all damages resulting from Ozwest's and Cummings' conversion of Toysmith's property;

8. For its reasonable attorneys' fees, and costs necessarily incurred in prosecuting this action; and

9. For such other relief as the Court deems just and equitable.

DATED this 7th day of February, 2008.

CAIRNCROSS & HEMPELMANN, P.S.

Stephen P. VanDerhoef, WSBA No. 20088
Michael Brunet, WSBA No. 35764
Attorneys for Plaintiff Toy Investments, Inc.

COMPLAINT FOR BREACH OF CONTRACT - 9

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{00645586.DOC;1}

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| TOY INVESTMENTS, INC. | | NO.  08-2-05630-9     KNT |
| | | Order Setting Civil Case Schedule (*ORSCS) |
| | **Plaintiff(s)** | |
| vs | | |
| OZWEST, INC., ET AL | | ASSIGNED JUDGE  Fleck _____ 47 |
| | | FILE DATE:                          02/07/2008 |
| | **Defendant(s)** | **TRIAL DATE:**              **07/27/2009** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the *Summons and Complaint/Petition.* Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition,* whether that response is a *Notice of Appearance,* a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

| |
|---|
| _____|_____ |
| Print Name                                       Sign Name |

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery
cutoff date [*See KCLR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing
case.

**SHOW CAUSE HEARINGS FOR CIVIL CASES** [King County Local Rule 4(g)]
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. A review of the case file will be undertaken to confirm service of the original
complaint. A *Show Cause Hearing* will be set before the Chief Civil or RJC judge if needed. The Order to
Show Cause will be mailed to the plaintiff(s) or counsel to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final
decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of
Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

**King County Local Rules are available for viewing at www.metrokc.gov/kcscc.**

IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE
READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE
**This case is assigned to the Superior Court Judge whose name appears in the caption of this** *Schedule.* **The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.**

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**The following procedures hereafter apply to the processing of this case:**

**APPLICABLE RULES:**

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through-26 shall apply to the processing of civil cases before Superior Court Judges.

**CASE SCHEDULE AND REQUIREMENTS:**

A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. **This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:**

1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses – identity, number, testimony;

C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR:

**1) Forty five (45) days before the Trial Date,** counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

**2) Twenty eight (28) days before the Trial Date,** a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court.* The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES:**

**A. Noting of Motions**

**Dispositive Motions: All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules. King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.**

**Nondispositive Motions: These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.**

Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time.* However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

Filing of Documents All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. Form: Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

**PRESIDING JUDGE**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Thu  02/07/2008 | * |
| Confirmation of Service [See KCLR 4.1]. | Thu  03/06/2008 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Thu  07/17/2008 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. **Show Cause hearing will be set if Confirmation is not filed or Box 2 is checked.** | Thu  07/17/2008 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)] | Thu  07/31/2008 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Mon  02/23/2009 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Mon  04/06/2009 | |
| DEADLINE for Jury Demand [See KCLR 38(b)(2)]. | Mon  04/20/2009 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Mon  04/20/2009 | * |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)]. | Mon  06/08/2009 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Mon  06/29/2009 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Tue  07/07/2009 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)] | Tue  07/07/2009 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Mon  07/13/2009 | |
| Joint Statement of Evidence [See KCLR 16(a)(5)]. | Mon  07/20/2009 | * |
| Trial Date [See KCLR 40]. | Mon  07/27/2009 | |

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:  02/07/2008

PRESIDING JUDGE

Order Setting Civil Case Schedule (*ORSCS)

REV. 8/07     3